(304 P.3d 354)
No. 107,558

STATE OF KANSAS, *Appellee*, v. PAUL HARDIN, *Appellant*.

Opinion filed June 21, 2013.

*Christopher S. O'Hara*, of O'Hara & O'Hara, LLC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BRUNS, J., and HEBERT, S.J.

HEBERT, J.: Paul Hardin appeals his conviction of driving under

the influence, second offense. Specifically, Hardin appeals the district court's denial of his motion to suppress evidence obtained as a result of an allegedly illegal stop of his vehicle, which ultimately led to his arrest and conviction.

Hardin argues that the law enforcement officer did not have a reasonable suspicion to justify stopping him because, even though the license plate displayed on his car was registered to another car, he had lawfully transferred the license plate from a previously owned vehicle.

For the reasons set forth herein, we affirm the judgments of the district court.

## FACTS

On December 8, 2009, Hardin purchased a Volkswagen from a car dealership, trading in his previous vehicle, a Pontiac, as part of the transaction. He then affixed the license plate from the Pontiac to the Volkswagen.

Eleven days later, Sedgwick County Sheriff's Deputy Jared Bliss observed Hardin's Volkswagen and ran a computer check on the car's license plate. Although the computer program did not report that the car had been stolen, the program reported that the license plate was registered to a Pontiac. Bliss could not determine the reason for the registration discrepancy, and he stopped Hardin's car.

During the stop, Hardin exhibited several signs of intoxication, including an odor of alcohol, slurred speech, and bloodshot eyes. Hardin indicated that he had had "a few beers," and he performed poorly on field sobriety tests. Bliss arrested Hardin and transported him to the county jail, where he refused to take the evidentiary breath test. The State filed two charges against Hardin: DUI, second offense, in violation of K.S.A. 2009 Supp. 8-1567(a)(3), (e), and driving a vehicle with a nonregistered license plate, in violation of K.S.A. 2009 Supp. 8-142 *First*. The State subsequently dropped the license plate charge after determining that Hardin had complied with the transfer provisions set forth in K.S.A. 8-127(c).

After the State filed the charges, Hardin filed his motion to suppress arguing that Bliss did not have a reasonable suspicion to stop

his car. At the conclusion of the suppression hearing, the district court denied the motion ruling from the bench:

"It's the opinion of the Court, based upon the circumstances that I have heard today, that the officer acted properly. The statute does not require that an officer cannot stop an individual who has a tag not assigned to the vehicle. This is part and parcel of the investigation.

"This is an investigatory stop that occurred based upon reasonable suspicion that this tag was not assigned to the vehicle. That reasonable suspicion arose because of motor vehicle records which the officer accessed by way of the computer in his car.

"Once he was able to ascertain that this vehicle was a result of a trade or sale, then no violation occurred, and the driver of the vehicle would be free to go. But this does not preclude the officer from stopping the vehicle, and yes, people who purchase vehicles and place their tag from their prior vehicle on to that new vehicle are subject to being stopped. I will therefore deny the defendant's motion to suppress."

Hardin's case then proceeded to a bench trial on a stipulation of facts in which Hardin renewed his objection to the admission of evidence resulting from the stop of his vehicle, thus preserving his argument for appellate review. The district court then convicted Hardin on the DUI charge, resulting in this appeal.

### DETERMINATION OF REASONABLE SUSPICION

Hardin argues on appeal that the district court erred in denying his motion to suppress the evidence obtained as a result of Bliss' stop of his Volkswagen. The district court ruled that Bliss had a reasonable suspicion upon which to base his stop, even though it was ultimately determined that the suspicious license plate was displayed in conformity with Kansas law.

### Standard of Review

An appellate court reviews the district court's decision on a motion to suppress using a bifurcated standard. Without reweighing the evidence, the district court's findings are reviewed to determine whether they are supported by substantial competent evidence. Then the ultimate legal conclusion regarding the suppression of evidence is reviewed using a de novo standard. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007).

The State bears the burden of proof for a suppression motion, and it must prove to the trial court the lawfulness of the search and seizure. *State v. Morlock*, 289 Kan. 980, 985, 218 P.3d 801 (2009).

*Analysis*

Hardin's principal argument on appeal is that Bliss did not have a reasonable suspicion to stop him and therefore the evidence obtained should be suppressed, resulting in a reversal of his DUI conviction.

The stop of a vehicle on a public roadway constitutes a seizure. Consequently, in order to make a lawful investigatory stop of a vehicle, an officer must have a reasonable suspicion that criminal activity has occurred, is occurring, or is about to occur. K.S.A. 22-2402(1); *State v. Marx*, 289 Kan. 657, 661, 251 P.3d 601 (2009) (citing *Terry v. Ohio*, 392 U.S. 1, 20, 88 S. Ct. 1868, 20 L. Ed. 2d 889 [1968]). Our appellate courts have adopted a working definition of reasonable suspicion:

" 'Reasonable suspicion means a particularized and objective basis for suspecting the person stopped is involved in criminal activity. Something more than an unparticularized suspicion or hunch must be articulated. Reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Both reasonable suspicion and probable cause are dependent upon the content of information possessed by the detaining authority and the information's degree of reliability. Quantity and quality are considered in the totality of the circumstances—the whole picture that must be taken into account when evaluating whether there is reasonable suspicion.' " *State v. Glass*, 40 Kan. App. 2d 379, 382, 192 P.3d 651 (2008) (quoting *State v. Toothman*, 267 Kan. 412, Syl. ¶ 5, 985 P.2d 701 [1999]).

In the instant case, Bliss stopped Hardin because a computer check indicated that the license plate was registered to a Pontiac rather than to a Volkswagen. Under K.S.A. 2009 Supp. 8-142, which pertains to the registration of vehicles, prohibited acts include:

"*First:* To operate, or for the owner thereof knowingly to permit the operation, upon a highway of any vehicle, as defined in K.S.A. 8-126, and amendments thereto, which is not registered, or for which a certificate of title has not been issued or which does not have attached thereto and displayed thereon the license

plate or plates assigned thereto by the division for the current registration year, including any registration decal required to be affixed to any such license plate."

Violation of this statute constitutes an unclassified misdemeanor punishable by a fine not less than $500. K.S.A. 8-127(c) serves as an exception to this general rule. Under this statute, a person may drive a passenger vehicle with the license plate from the person's previous vehicle—for up to 30 days after acquiring the new vehicle—if the person has sold, traded, or otherwise disposed of the previous vehicle and the person complies with the remaining requirements specified by the statute. The Kansas Legislature amended this statute in 2012 to extend the 30-day period to 60 days. See K.S.A. 2012 Supp. 8-127(c).

Despite the provisions of K.S.A. 8-127(c) Bliss could still articulate a reasonable suspicion to stop the car since he would have no way to know whether Hardin was displaying the license plate legally or illegally. Without making the investigatory stop there would have been no way to either confirm or dispel his suspicion. The mere possibility that an owner could have lawfully transferred the license plate from one vehicle to another does not negate reasonable suspicion of other equally plausible and unlawful scenarios as to how the Pontiac plate came to be affixed to a Volkswagen.

A panel of this court reached a similar conclusion in *State v. Kramer*, No. 104,578, 2011 WL 768034 (Kan. App. 2011) (unpublished opinion), *rev. denied* 292 Kan. 968 (2011). There, a police officer stopped the defendant because the tag to his vehicle was "not on file," which could mean that the tag did not belong to the vehicle, the tag had since been issued to another vehicle, or the registration had been cancelled. The stop led to the defendant's arrest and prosecution for DUI. 2011 WL 768034, at *1-2. Although the district court had granted the defendant's motion to suppress because he, in fact, had a legal license tag, this court reversed finding that the police officer had a lawful basis to stop Kramer. This court observed that the proper inquiry was whether a police officer would reasonably suspect a motorist of criminal activity for driving with a tag not on file—not whether Kramer's actions satisfied the statutory elements of the crime that justified the stop in the first place. See 2011 WL 768034, at *3.

Another panel of this court relied upon the reasonable suspicion rationale set forth in *Kramer* to reach the same result in two subsequent similar decisions: *State v. Alvarez*, No. 106,327, 2012 WL 924817 (Kan. App. 2012) (unpublished opinion) (citing *Kramer* for proposition that a police officer may have a reasonable suspicion to believe that a motorist has failed to register a vehicle because the vehicle's tag is not on file); and *State v. Lee*, No. 106,328, 2012 WL 924819 (Kan. App. 2012) (unpublished opinion) (stating the same). These cases are persuasive in suggesting that Bliss had a reasonable suspicion to stop Hardin. Much like the officer in *Kramer*, Bliss acknowledged that he was uncertain whether Hardin had violated any law when the license plate on his Volkswagen was registered to a Pontiac, but he nonetheless had a reasonable suspicion that Hardin was involved in a criminal activity. The district court did not err in so finding.

### DILIGENT PURSUIT

Hardin also raises a secondary argument that the evidence should be suppressed and his conviction reversed because Bliss failed to diligently pursue the initial purpose of the stop, which was investigation of the potential license plate violation. Hardin observes that Bliss could not recall if he asked Hardin whether he purchased a new vehicle, nor did he ask Hardin if the vehicle or the license plate was stolen. From this scenario, Hardin would now apparently convolute Bliss' action into a pretextual stop to investigate a DUI.

The State does not address this point, and this argument is not properly before this court because Hardin never raised it before the district court. The suppression motion, the evidence, and the arguments at the suppression hearing, and Hardin's reservation of a "continuous objection" set forth in the stipulation of facts upon which he was convicted, all focus solely upon the reason for the stop—the potential license plate violation. Hardin's objection to admission of the evidence was specifically premised upon the allegation that Bliss had no reasonable suspicion to support the stop.

The suggestion that Bliss had not diligently pursued or had unnecessarily prolonged the stop was not raised before the trial court

as a specific objection to the admissibility of the evidence. The rule is well-established that "evidentiary errors shall not be reviewed on appeal unless a party has lodged a timely and specific objection to the alleged error at trial." *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). Even more to the point here, "a defendant cannot object to the introduction of evidence on one ground at trial, then assert another ground on appeal." *State v. Richmond*, 289 Kan. 419, Syl. ¶ 4, 212 P.3d 165 (2009).

## CONCLUSION

We conclude that the district court's denial of Hardin's motion to suppress was supported by substantial competent evidence and was legally correct.

Affirmed.